**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHESTER L. WILMS, JR.,            )<br>                                                  )<br>            Petitioner,            )<br>    vs.                                       )       No. 2:05-cv-141-RLY-WGH<br>                                                  )<br>CRAIG HANKS,                      )<br>                                                  )<br>            Respondent.          ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

Chester L. Wilms, Jr., seeks habeas corpus relief with respect to a prison disciplinary proceeding identified as No. WVE 05-01-154. In that proceeding, Wilms was found guilty of misconduct consisting of the unauthorized possession, destroying, altering or damaging of state property, personal or property belonging to another. The respondent has filed a motion to dismiss, to which Wilms has responded.

### I. Treatment of Document

The petitioner's letter to the undersigned received on August 22, 2005, is the petitioner's response to the respondent's motion to dismiss. The clerk shall **file and docket the response** and shall include a copy of the response with the distribution of this Entry.

### II. Discussion

Wilms is entitled to a writ of habeas corpus if he is in custody pursuant to the challenged proceeding "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit-earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, Wilms was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

The respondent has not, at present, argued that each of the foregoing measures were provided to Wilms. The respondent has argued, instead, that Wilms' petition should be dismissed because the sanction imposed did not affect the fact or duration of his confinement.

Wilms was sanctioned in the challenged proceeding with a written reprimand, with the loss of commissary privileges for one month, and with the loss of 30 days' earned credit time, though the loss of good-time sanction was suspended. The expanded record shows, further, that the suspended sanction was never enforced and that the period that suspension was hanging over Wilms has now expired.

Although the imposition of a suspended sentence is now understood to constitute "custody" sufficient to support a claim for habeas relief, *Cochran v. Buss,* 381 F.3d 637, 640 (7th Cir. 2004), such a claim becomes moot if the period of suspension passes and has not been enforced or imposed, because the "custody" has ended. *Id.* at 640-41. That is the situation here. The period of the suspended loss of good-time credits ended on August 8, 2005. The suspended sanction was never imposed. Wilms' response to the motion to dismiss addresses only the merits of his claims, and does not even mention the argument on which the motion to dismiss is based.

Accordingly, the respondent's motion to dismiss is **granted** and Wilms' petition for a writ of habeas corpus must be **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Date: 08/31/2005